**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

|  |  |  |
|---|---|---|
| CURTIS LEE SHEPPARD, JR., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:21-cv-55-JDK-KNM |
| MICHAEL COLLUM, et al., | § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Curtis Lee Sheppard, Jr., a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983.  The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On March 24, 2021, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss this case with prejudice as an *in forma pauperis* case, but without prejudice to refiling without seeking *in forma pauperis* status and upon payment of the full filing fee.  Docket No. 5.  The Magistrate Judge observed that Plaintiff had a lengthy history of filing frivolous lawsuits and consequently is barred from seeking *in forma pauperis* status except upon a showing of imminent danger of serious physical injury at the time of the filing of the lawsuit. 28 U.S.C. §1915(g).  Plaintiff objected.  Docket No. 8.

1

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff's objections to the Report argue that Defendants' forcible cutting of his dreadlocks—the basis of this suit—was a "hate crime" and that photos purportedly showing his injuries demonstrate that he is in imminent danger of serious physical injury. He contends that the Prison Litigation Reform Act was meant to "suppress prisoner access to courts using fake 'three strikes'" and argues that orders from U.S. District Judge Reed O'Connor of the Northern District of Texas were fraudulent. But as the Magistrate Judge explained, allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint is filed. Plaintiff does not show that an incident occurring in October of 2020 placed him in imminent danger when he signed the complaint in January of 2021. *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998); *Newman v. Harris*, 770 F.App'x 216 (5th Cir. 2019).

Further, the Court has also granted two requested extensions for Plaintiff to pay the full filing fee, giving him until October 26, 2021. Docket Nos. 10, 13. Despite these extensions, Plaintiff has not paid the filing fee.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 5) as the opinion of the District Court. Plaintiff's claims are **DISMISSED**, with prejudice for purposes of proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), but without prejudice as to the refiling of his lawsuit without seeking *in forma pauperis* status. Finally, if Plaintiff pays the full filing fee within fifteen days of this Order, the lawsuit shall proceed as though the full filing fee had been paid from the outset.

So **ORDERED** and **SIGNED** this **15th** day of **November, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3